# IN THE UNITED STATES COURT
# OF FEDERAL CLAIMS

|  |  |
|---|---|
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 1:20-cv-00546-RTH <br> (Judge Holte) |

## JOINT STATUS REPORT

Pursuant to the Court's July 18, 2022 order, the parties respectfully submit this joint status report to request that the Court continue the stay of plaintiffs' remaining cost-sharing reduction (CSR) claim (Count III) of plaintiffs' First Amended Complaint.

This case is currently stayed because the Government is working with a number of CSR plaintiffs to determine whether they may efficiently resolve this matter without further litigation or at least streamline these cases. *See* Doc. 20 at 1. The parties to a number of these CSR cases, including this one, have also presented joint stipulations for CSR amounts owed by the Government for 2017. Doc. 26 at 1. While negotiations continue, the parties to this action have made periodic joint status reports to the Court. *See* Docs. 28 and 31. On July 18, 2022, the Court continued the stay in this case and ordered the parties to file a joint status report on or before September 16, 2022. *See* Doc. 34. The Court also ordered: "If the parties request to continue the stay in the next JSR, the parties SHALL FILE a JSR every 60 days thereafter." *Id.*

The parties request that the Court continue the stay to provide more time for the broader discussions about possible approaches to resolving this and other CSR cases. As the parties reported before, counsel for a large number of plaintiff health plans shared a proposal with the Government on December 3, 2021. On April 28, 2022, the Government provided its substantive response to the CSR plaintiffs' proposed settlement methodology for CSR damages owed for benefit years 2018 and beyond. The CSR plaintiffs and the Government held a conference call on May 6 to discuss certain aspects of the Government's response and what the next steps should be. The CSR Plaintiffs responded on May 23, 2022. Thereafter, the parties have convened by phone multiple times, and the Government produced certain settlement-related data and other information to the plaintiffs on July 22, 2022. The parties participated in a settlement-related call on September 1, 2022, and the CSR Plaintiffs followed that call with a letter to the Government on September 15, 2022. The Government reviewed and discussed internally the CSR Plaintiffs' letter. Specifically, the Government explored possible new sources of information and ways to estimate where information does not appear to be available. The Government sent its response to the CSR Plaintiffs' letter on November 10, 2022. On January 10, 2023, the CSR Plaintiffs responded to the Government's letter. The parties participated in conference calls on Thursday, January 19, 2023, and Friday, February 24, 2023 to discuss the latest settlement proposal. On May 12, 2023, Counsel for the CSR Plaintiffs sent the Government a written response to the Government's most recent position on certain offset and mitigation issues that are material to any potential settlement. Counsel for the parties met in person on June 26, 2023 to discuss these remaining offset and mitigation issues and their impact on any potential settlement of the

CSR cases.   The parties exchanged additional information and met again on July 27, 2023, and August 4, 2023.  On August 18, and 23, 2023, the CSR Plaintiffs provided the Government with a written response on certain outstanding settlement issues and proposed a revised settlement methodology incorporating the parties' recent discussions.  The parties participated in another settlement negotiation call on August 25 regarding the CSR Plaintiffs' recent correspondence.

In a September 7 letter, the Government responded with a comprehensive account of the issues the parties, in principle, have been able to agree upon and where the Government stands on the remaining issues.  This September 7 letter describes terms of a proposed settlement that counsel for the Government would be willing to recommend for approval to their superiors at the Department of Justice and officials at the Department of Health and Human Services.  Counsel for the CSR Plaintiffs, however, require time to review the Government's latest proposal, confer with their clients, and respond.  Considering that the Government's proposal is comprehensive and has the potential to be a framework for a final agreement, once plaintiffs have the opportunity to review and consider the Government's letter, the parties hope to know whether (and which) plaintiffs are interested in pursuing settlement with the methodology that the parties have crafted.

Plaintiffs here have expressed a willingness to consider seriously the method, if any, that the Government is able to agree to with the other CSR plaintiffs for resolving or streamlining the CSR cases.  To wait for an agreement on a method that can be applied to most or all plaintiffs furthers judicial efficiency.  There are currently 26 CSR cases before 14 judges.  An agreement on a settlement method would eliminate the confusion that could result from multiple judges adjudicating the same claims differently.  This would, in turn,

free the Court's resources to devote to other matters. We acknowledge the time this process has taken, but maintain that the time has been necessary to resolve issues with so many stakeholders and such complex accounting issues. In sum, the complexity of the CSR cases and the number of interested stakeholders necessitate that the parties be afforded additional time for these efforts. Good cause therefore exists to continue the stay.

      Accordingly, the parties jointly request that the Court continue the stay in this case, and the parties will file a JSR within 60 days, by November 10, 2023, to update the Court on the status of their efforts to fully resolve this matter.

| | |
|---|---|
| September 11, 2023 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | PATRICIA M. McCARTHY<br>Director |
| /s/ Howard J. Stanislawski<br>Howard J. Stanislawski<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC 20005<br>(202) 736-8000<br>hstanislawski@sidley.com | /s Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| *Of Counsel:* | /s David M. Kerr<br>DAVID M. KERR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone:   (202) 307-3390<br>Email:  David.M.Kerr@usdoj.gov |
| Thomas D. Cunningham<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>tcunningham@sidley.com | |
| William A. Sarraille<br>Tobias S. Loss-Eaton<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC 20005<br>(202) 736-8000<br>tlosseaton@sidley.com | OF  COUNSEL:<br><br>ALBERT S. IAROSSI<br>Senior Trial Counsel<br>Civil Division<br>U.S. Department of Justice<br><br>*Attorneys for Defendant* |
| *Counsel for Plaintiffs Cigna Health and Life Insurance Company, Cigna Healthcare of Arizona, Inc., and Cigna Healthcare of Texas, Inc.* | |

5